FILED
SUPERIOR COURT
OF GUAM

2018 JAN 10 PM 3: 08

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

DFS GUAM L.P.,

            **Plaintiff,**

     vs.

THE A.B. WON PAT INTERNATIONAL
AIRPORT AUTHORITY, GUAM,

            **Defendant.**

**CIVIL CASE NO.: CV0307-16**

**DECISION AND ORDER**
**(Plaintiff's Motion to Enter Judgment and**
**to Dismiss Remaining Counts)**

### INTRODUCTION

This matter came before the honorable Anita A. Sukola on November 9, 2017 on DFS Guam L.P.'s ("Plaintiff") Motion to Enter Judgment and to Dismiss Remaining Counts. Attorney G. Patrick Civille appeared on behalf of the Plaintiff. Attorney Genevieve P. Rapadas appeared on behalf of the A.B. Won Pat International Airport Authority ("Defendant"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court issues the instant Decision and Order **GRANTING in part** Plaintiff's Motion to Enter Judgment and Dismiss Remaining Counts. The Court hereby **ORDERS** all claims in the First Amended Complaint filed on June 9, 2016, except those portions of the Fifth, Sixth, Ninth, and Tenth Claims discussed herein, be **DISMISSED with prejudice**. A Judgment shall issue simultaneous to this Decision and Order.

**ORIGINAL**

## BACKGROUND

The factual background of this case was previously laid out by the Court in a Decision and Order on Plaintiff's and Defendant's motions for partial and for summary judgment respectively. However, for the purpose of clarity, the facts necessary to the instant Decision and Order are as follows. During litigation regarding procurement-related protests before the Superior Court, Plaintiff submitted requests to Defendant on July 7, 2015, August 12, 2015, and March 8, 2016, as allowed by the Sunshine Reform Act of 1999 ("Sunshine Act"). Decision and Order 2 (June 26, 2017). The requests sought minutes, transcripts, and recordings from Meetings of Defendant's Board of Directors and between members of Defendant's Board of Directors and the Board's Legal Counsel on various dates during the period from 2012 through 2016. Id. at 4-5.

Plaintiff subsequently filed the First Amended Complaint in this action on June 9, 2016. Plaintiff alleged the Defendant and several members of the Defendant's Board of Directors violated the Open Government Law ("OGL") by *inter alia*, "failing to make and maintain in accordance with the requirements of law, minutes and verbatim recorded and written transcripts of certain of [Defendant's] Board's executive and closed sessions and meetings during the period from July 11, 2012 through January 28, 2016." First Am. Compl. ¶ 3. The First Amended Complaint alternatively alleged "that if such records exist, [Defendant or Defendant's] Board . . . violated the OGL and Sunshine Act by failing to make these documents publicly available, as required by law, and refusing to produce these documents in response to DFS's July 7, 2015, August 12, 2015, and March 8, 2016 requests under the Sunshine Act." Id.

Plaintiff filed a Motion for Partial Summary Judgment and Defendant filed a Motion for Summary Judgment on March 8, 2017. The Court issued a Decision and Order disposing of both motions on June 26, 2017. In the Decision and Order, the Court found several facts undisputed. The Court found that the Defendant's Board of Directors convened several executive sessions, which were closed to the public, during the period from July 1, 2012 through August 12, 2014. Decision and Order 3 (June 26, 2017). The Court also found that certain individual members of

Defendant's Board of Directors met with the Board's Legal Counsel at different times on March 27, 2013, April 5, 2013, April 8, 2013, and April 9, 2013. Decision and Order 4 (June 26, 2017).

The Court also noted Defendant filed a Petition to Seal certain transcripts of the Executive Sessions of Defendant's Board of Directors on August 6, 2015. Id. at 5. A Judge of the Superior Court granted the Petition which effectively sealed transcripts of executive sessions held during the period between July 11, 2012 and January 29, 2015. Id. On August 31, 2015, the same Court expanded the Sealing Order to include transcripts of executive sessions of Defendant's Board of Directors held on February 23, 2015 and April 9, 2015. Id. at 6.

Notwithstanding the Sealing Order, in the June 26, 2017 Decision and Order, this Court found Defendant violated "Section 10103 of the Sunshine Act and Section 8111 of the OGL by failing to disclose public documents in response to Plaintiff's July 7, 2015 Sunshine Request." Id. at 12. This Court found the transcripts of the Executive Sessions held during meetings of Defendant's Board of Directors were public documents within the meaning of the OGL. Id. at 11-12. The Court reasoned that at the time Plaintiff submitted the July 7, 2015 request to Defendant under the Sunshine Act, there was no sealing order in place, and the six-month statutory sealing period had lapsed, for the transcripts of the closed executive sessions held during Board Meetings in 2012, 2013, and 2014. Id. Thus this Court granted summary judgment on Plaintiff's Fifth and Ninth Causes of Action for Declaratory Relief, but "only with respect to the missing session transcripts for the closed executive sessions held in 2012, 2013, and 2014." Id. Plaintiff's Fifth and Ninth Causes of Action sought declaratory relief against Defendant related to alleged violations of the Sunshine Act and the OGL. This Court concluded there was no genuine dispute as to a material fact that Defendant failed to disclose transcripts of the closed executive transcripts held in 2012, 2013, and 2014, and that such failure constituted a violation of the OGL since the Court found the closed session transcripts were public documents and were not sealed until August 13, 2015.

However, in the June 26, 2017 Decision and Order the Court also concluded the transcripts sought in the July 7, 2015 Sunshine Request were no longer considered public documents within the meaning of the OGL once the Sealing Order was entered on August 13, 2015. Decision and

Order 13 (June 26, 2017). Thus, the Court denied summary judgment on Plaintiff's Sixth and Tenth Causes of Action for injunctive relief. The Court found that Plaintiff was not entitled to summary judgment on the requests for injunctive relief because "the Court [could not] compel disclosure of documents that are currently under seal pursuant to another court's order." Id.

According to documents filed by Plaintiff, after this Court entered the June 26, 2017 Decision and Order, the August 13, 2015 Sealing Order which sealed the 2012-2014 Transcripts expired on September 14, 2017. Civille Decl. in Supp. Mot. Enter J. and Dismiss Remaining Counts ¶ 3 (Oct. 17, 2017). Further, Defendant filed a motion to renew the Seal Order for certain transcripts, from April 25, 2013 through 2014 except for transcripts for meetings held on June 27, 2013 and July 31, 2014. Id. The motion to extend the seal was pending at the time the instant motion was filed. Id. at ¶ 2. Thus effectively, the transcripts for the meetings from April 25, 2013 through 2014 remain under seal except for transcripts from the meetings held on June 27, 2013 and July 31, 2014. Pl's Mot. Enter J. and Dismiss Remaining Counts 3 at n. 1.

On October 17, 2017, Plaintiff filed the instant Motion to Enter Judgment and Dismiss Remaining Counts. Plaintiff also filed a Proposed Final Judgment which reads:

"1. The Court's June 26, 2017 Decision and Order shall constitute the Court's "written Findings of Facts and Conclusions of Law" as required by 5 GCA § 8115(d).

2. Final Judgment is entered in favor of DFS Guam L.P. ("DFS") and against the A.B. Won Pat International Airport Authority, Guam ("GIAA") on DFS's Fifth and Ninth Causes of Action in DFS's First Amended Complaint, filed June 9, 2016 ("FAC"), with respect to the transcripts of executive or closed sessions of GIAA's Board in 2012, 2013 and 2014 (the "2012-2014 Transcripts").

3. GIAA violated the Guam Open Government Law, 5 GCA §§ 8103(a), 8111(c) & (c)(3) & (c)(7), and the Sunshine Reform Act of 1999, 5 GCA § 10103(a) and (c), by failing to provide DFS with the "2012-2014 Transcripts," as requested by DFS in DFS's July 7, 2015 Sunshine Act request to GIAA.

4. Final Judgment is entered in favor of GIAA and against DFS on Sixth and Tenth Causes of Action with respect to the portion of the 2012-2014 Transcripts consisting of the transcripts for meetings from April 25, 2013 through 2014, other than the transcripts for the executive session meetings held on June 27, 2013 and July 31, 2013 ("2013-2014 Remaining Transcripts").

5. All claims in the FAC other than the Fifth and Ninth Causes of Action with respect to the 2012-2014 Transcripts and the Sixth and Tenth Causes of Action with respect to the 2013-2014 Remaining Transcripts are hereby dismissed with prejudice.

6. The Court shall maintain Jurisdiction over the parties and the subject matter for a period of one year from the date of entry of judgment during which GIAA shall report in writing twice annually to the Court of its compliance with the Open Government Law, in accordance with 5 GCA § 8115(f)."

Civille Decl. in Supp. of Mot. Ex. G. Defendant filed an Opposition to the Motion on October 31, and Plaintiff filed a Reply on November 6, 2017. The Court held a hearing on the Motion and took the matter under advisement on November 9, 2017.

## DISCUSSION

In the Memorandum in Support of the Motion, Plaintiff stated that the Parties attempted to stipulate to a final judgment to expedite an appeal, but "[b]ecause [Defendant] refuses to stipulate to a termination of this action without extracting one sided concessions from [Plaintiff, Plaintiff] respectfully requests the Court to grant this motion . . . ." Pl's Mot. Enter J. and Dismiss Remaining Counts 4 (Oct. 17, 2017). Defendant opposes the proposed form of final judgment. However, Defendant stated in the Opposition, "GIAA does not oppose DFS's motion to dismiss with prejudice the remaining counts pursuant to Rule 41 of the Guam Rules of Civil Procedure ("GRCP")." Def's Opp'n 1 (Oct. 31, 2017).

Rule 41 provides ". . . an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Guam R. Civ. P. 41 (2014). The Parties agree that those claims in the First Amended Complaint not addressed by this Decision and Order, or those portions of the Court's June 26, 2017 Decision and Order on Plaintiff's Motion for Partial Summary Judgment, should be dismissed with prejudice. See Pl's Mot. Enter J. and Dismiss Remaining Counts 3; Def's Opp'n 1, 5. Thus, the Court hereby **ORDERS** all claims in the First Amended Complaint filed on June 9, 2016, except those portions of the Fifth, Sixth, Ninth, and Tenth Claims discussed herein, be **DISMISSED** with prejudice, pursuant to Rule 41 of the Guam Rules of Civil Procedure.

CV0307-16 DFS Guam L.P. v. The A.B. Won Pat International Airport Authority
Decision and Order Re: Pl's Mot. Enter J. and Dismiss Remaining Counts

Page 5 of 11

Moving on to the language in the proposed judgment submitted by the Plaintiff, the Court notes the Defendant's Opposition does not oppose the inclusion of the language in Paragraphs One, Two, and Six of the Proposed Final Judgment in the Court's Final Judgment. Thus the Court will incorporate the language in Paragraphs One, Two, and Six, into its Final Judgment. Further, Counsel for both Parties have represented to the Court that the motivation for the request to enter judgment is that both Parties intend to appeal portions of the Court's June 26, 2017 Decision and Order on the Motions for Partial and for Summary Judgment. Therefore, the Court will first lay out the law which governs the Court's power to enter judgment in a civil action. The Court will then address each disputed paragraph of the Proposed Final Judgment. Finally, the Court will issue a judgment simultaneous to this Decision and Order that comports with the analysis herein.

Plaintiff brings this action under various provisions of the OGL and Sunshine Act. In the context of claims addressed in the June 26, 2017 Decision and Order specifically, the Fifth and Ninth Claims in the First Amended Complaint seek declaratory relief, while the Sixth and Tenth Claims seek injunctive relief. The OGL provides that any person may bring an action by *inter alia* injunction or declaratory relief to prevent a violation of the OGL by an agency or to determine the applicability of the OGL to actions of an agency. 5 GCA § 8115(c) (2017). A 'Declaratory Judgment' is defined as "a binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement." Black's Law Dictionary (10th ed. 2014). Relief that is 'injunctive,' has "the quality of directing, or ordering; of, relating to, or involving an injunction." Id.

Guam's statute conferring appellate jurisdiction in civil matters originated in the California Code of Civil Procedure, Dep't of Revenue and Taxation v. Civil Service Comm'n, 2007 Guam 17 ¶ 14, and provides "[a]ppellate review to the Supreme Court shall be available only upon the rendition of final judgment in the Superior Court from which appeal or application for review is taken." 7 GCA § 3108(a) (2017). The designation of a document filed by the Court as a 'judgment' is not conclusive, rather the "substance and effect of the judgment" determines its finality. Dep't of Revenue and Taxation, 2007 Guam 17 at ¶ 15 (citing In re Los Angeles County Pioneer Soc'y v.

Hist. Soc'y of S. Calif., 257 P.2d 1, 4 (Cal. 1953)) (internal quotations omitted). A judgment is "final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce, by execution, what has been determined." Dep't of Revenue and Taxation, 2007 Guam 17 at ¶ 15 (citing Sullivan v. Delta Air Lines, Inc., 935 P.2d 781, 791 (Cal. 1997) (internal quotations omitted); see also Lynn v. Goss, 123 P.2d 11, 17 (Cal. 1942) (". . . [a]s a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to the final determination of the rights of the parties, the decree is interlocutory")).

The Guam Rules of Civil Procedure similarly provide that judgment, as used in the Rules, "includes a decree and any order from which an appeal lies." Guam R. Civ. P. 54(a) (2014). Rule 58 provides that every judgment "must be set forth on a separate document . . . ." Guam R. Civ. P. 58. Guam's Rule 58 is identical to Rule 58 of the Federal Rules of Civil Procedure. Thus, Guam Law, similar to Federal Law, requires strict adherence to the 'separate document rule.' See Merchant v. Nanyo Realty, Inc., 1997 Guam 16 ¶ 15. The Supreme Court of Guam has reasoned a separate document is critical because the document ensures what is addressed on appeal is the trial court's final determination and also to give parties notice of the time to appeal. Id. at ¶ 14. To comply with Rule 58, a judgment "must set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief. It should not incorporate some other document or contain legal reasoning." App'n of Dep't of Health and Social Services for Administrative Inspection and Search Warrant of Wise Owl Animal Hospital, 2017 Guam 15 ¶ 17 (citing Reytblatt v. Denton, 812 F.2d 1042, 1044 (7th Cir. 1987)).

From the language of the applicable statutes, rules, and relevant case law, the Court finds that a judgment is required to be a final and unambiguous determination of the relief granted or denied a party. The judgment must substantively end litigation in the trial court. Thus, once a judgment is entered, to be final, there must be no action further required of the Court, except 'to

enforce, by execution, what has been determined.' Therefore this Court will look to the substance and effect of the disputed language in the proposed judgment. While the Court's analysis is broken down by each disputed paragraph, the Court notes its analysis considers the Final Judgment in the context of the several paragraphs when read together.

I. **Paragraph Three**

> 3. GIAA violated the Guam Open Government Law, 5 GCA §§ 8103(a), 8111(c) & (c)(3) & (c)(7), and the Sunshine Reform Act of 1999, 5 GCA § 10103(a) and (c), by failing to provide DFS with the "2012-2014 Transcripts," as requested by DFS in DFS's July 7, 2015 Sunshine Act request to GIAA.

Plaintiff argues Paragraph Three is consistent with the Court's June 26, 2017 Decision and Order where the Court found "GIAA violated the Open Government Law and the Sunshine Act with respect to the 2012-2014 Transcripts." Pl's Mot. Enter J. and Dismiss Remaining Counts 6. Plaintiff further argues Paragraph Three reflects the Court's grant of partial summary judgment on Plaintiff's requests in the Fifth and Ninth claims in the First Amended Complaint for declaratory relief. In opposition to the language, Defendant first argues that the Court made no finding with regard to 5 GCA § 8103(a), and thus the reference to said section should be stricken. The Defendant then argues Paragraph Three is redundant to Paragraph Two in the proposed judgment and should be stricken entirely.

The Court agrees with Defendant's first argument. The Court made no finding related to Defendant violating 5 GCA § 8103(a), thus the reference to such section should be stricken. However, the Court does not agree with Defendant's second argument. The Court finds Paragraphs Two and Three in the proposed judgment, when read together are not redundant. Paragraph Two only lays out the specific portions of the claims in the First Amended Complaint that Plaintiff prevailed on. Paragraph Three lays out the actual declaratory relief sought by Plaintiff in the First Amended Complaint, that is, a declaration by the Court of the specific statutory provisions Defendant violated. The Court thus finds instead of deletion of Paragraph Three, the more appropriate solution is to combine Paragraphs Two and Three of the proposed judgment to read:

> Final Judgment is entered in favor of DFS Guam L.P. ("DFS") and against the A.B. Won Pat International Airport Authority, Guam ("GIAA") on DFS's Fifth and

Ninth Causes of Action in DFS's First Amended Complaint, filed June 9, 2016 ("FAC"), only with respect to the transcripts of executive or closed sessions of the GIAA Board in 2012, 2013 and 2014 (the "2012-2014 Transcripts"). Specifically, GIAA violated the following provisions of the Guam Open Government Law, 5 GCA §§ 8111(c), (c)(3) & (c)(7), and the Sunshine Reform Act of 1999, 5 GCA § 10103(a) and (c), by failing to provide DFS with the "2012-2014 Transcripts," as requested by DFS in DFS's July 7, 2015 Sunshine Act request to GIAA.

As discussed hereinabove, the OGL provides that any person may bring an action for declaratory relief to prevent a violation of the OGL by an agency or to determine the applicability of the OGL to actions of an agency. 5 GCA § 8115(c). The Court's using language of both Paragraphs Two and Three in the judgment comports with the OGL and those statutes, rules and the case law governing entering judgment discussed above. The combined language provides an unambiguous determination by this Court of what claims Plaintiff partially prevailed on. The combined language also unambiguously indicates what statutory provisions the Court finds the agency subject to the OGL violated. Finally, the combined language confers the precise declaratory relief sought in the First Amended Complaint, and granted in the June 26, 2017 Decision and Order. The factual allegations in the Fifth and Ninth Claims in the First Amended Complaint were sustained in part. Thus the Court found the Defendant violated provisions of the OGL when Defendant failed to provide or otherwise make available the 2012-2014 Transcripts requested in the July 7, 2015 Sunshine Act request.

## II.    Paragraph Four

4. Final Judgment is entered in favor of GIAA and against DFS on Sixth and Tenth Causes of Action with respect to the portion of the 2012-2014 Transcripts consisting of the transcripts for meetings from April 25, 2013 through 2014, other than the transcripts for the executive session meetings held on June 27, 2013 and July 31, 2013 ("2013-2014 Remaining Transcripts").

Plaintiff argues the Court denied DFS's motion for partial summary judgment on its Sixth and Tenth Causes of Action because the Court determined that it could not compel the disclosure of the 2012-2014 Transcripts that had been sealed by in SP0102-15. Pl's Mot. Enter J. and Dismiss Remaining Counts 7. Plaintiff argues that Judgment should thus be entered in Defendant's favor on

the Sixth and Tenth Causes of Action. Id. Defendant argues the Court ruled in neither party's favor and thus the language "should be excluded from the final judgment . . . ." Def's Opp'n 4. Instead, Defendant argues these claims should be dismissed with prejudice with the other claims where summary judgment was denied in the Court's June 26, 2017 Decision and Order. Id. at 5. In Reply, Plaintiff argues that not entering judgment in Defendant's favor would foreclose Plaintiff's ability to appeal this Court's denial of the injunctive relief sought by Plaintiff in the Sixth and Tenth Causes of Action in the First Amended Complaint. Pl's Reply to Def's Opp'n to Mot. Enter J. and Dismiss Remaining Counts 4.

The Court agrees in part with both Parties. On the one hand, the Court declined to grant the injunctive relief sought in the Sixth and Tenth Causes of Action in the First Amended Complaint. In denying the requests for injunctive relief, the Court cited to, Bano v. Union Carbide Corp., 361 F.3d 696, 715 (2d Cir. 2004), for the proposition that "injunctive relief may be denied if there are difficulties in enforcing an effective order." Thus the Court implied that if the Sealing Order was not in place, the Court would have granted injunctive relief related to the subject matter of the Court's grant of declaratory relief on the Fifth and Ninth Causes of Action where Plaintiff prevailed in the Motion for Partial Summary Judgment. Had the Sealing Orders not been in place, the Court, having found the 2012-2014 transcripts were public documents, would have ordered the transcripts be turned over in response to the July 7, 2015 Sunshine Act request under the Sixth and Tenth Causes of Action. Thus Plaintiff is correct that the relief requested was denied. However, Defendant also did not prevail on the claims because the Court implied that the Sealing Order was the only bar to the Court's grant of the injunctive relief sought. Thus the Court will only enter judgment to the effect that the Plaintiff's claims for injunctive relief in the Sixth and Tenth Causes of Action, related to the executive session transcripts subject to the OGL and Sunshine Act as declared by this Court in granting partial summary judgment on the Fifth and Ninth Causes of Action, is denied. The Judgment shall thus read as follows:

> Final Judgment is entered against DFS with respect to the portion of the 2012-2014 Transcripts consisting of the transcripts for meetings from April 25, 2013 through 2014, other than the transcripts for the executive session meetings held on June 27, 2013 and July 31, 2013 ("2013-2014 Remaining Transcripts"), on DFS's request

for injunctive relief in the Sixth and Tenth Causes of Action in the First Amended Complaint. The requests for injunctive relief in the Sixth and Tenth Causes of Action with respect to the portion of the 2012-2014 Transcripts consisting of the transcripts for meetings from April 25, 2013 through 2014, other than the transcripts for the executive session meetings held on June 27, 2013 and July 31, 2013 ("2013-2014 Remaining Transcripts") in the First Amended Complaint are hereby **DENIED**.

The Court finds the amended language enters the judgment necessary to facilitate an appeal of this Court's ruling that any injunctive relief related to transcripts sealed by another Court should be denied while such Sealing Order is in place.

### III.   Paragraph Five

5. All claims in the FAC other than the Fifth and Ninth Causes of Action with respect to the 2012-2014 Transcripts and the Sixth and Tenth Causes of Action with respect to the 2013-2014 Remaining Transcripts are hereby dismissed with prejudice.

The Court notes the dispute over the language in Paragraph Five relates to how this Court addressed the Parties dispute over the language of Paragraph Four of the proposed judgment. Thus having dispensed with the Sixth and Tenth Causes of Action separately in the judgment, the Court finds the dispute over the language in Paragraph Five of the proposed judgment to be moot. The language in the judgment shall be the language in the proposed judgment which dismisses all claims except those portions of claims disposed of elsewhere in the judgment.

### CONCLUSION

Thus, by a preponderance of the evidence and for the reasons stated herein, the Court hereby **GRANTS in part** Plaintiff's Motion to Enter Judgment and to Dismiss Remaining Counts. Further, the Court hereby **ORDERS** all claims in the First Amended Complaint filed on June 9, 2016, except those portions of the Fifth, Sixth, Ninth, and Tenth Claims discussed herein, be **DISMISSED with prejudice**. A Judgment shall issue simultaneous to this Decision and Order.

**SO ORDERED** this ___10___ day of January, 2018.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BO
I acknowledge that a copy of th
original hereto was placed in th
court box of
Jennifer K.C. James